```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| MEGAN TAYLOR | CIVIL ACTION |
| VERSUS | NO: 08-4612 |
| FORD MOTOR COMPANY | SECTION: J(1) |

## ORDER AND REASONS

Before the Court is Plaintiffs' **Motions in Limine (Rec. Docs. 37 & 38)** and Defendant Ford Motor Company's **Memorandum in Opposition (Rec. Docs. 50 & 56)**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This case arises out of an accident that took place on October 9, 2007. Megan Taylor ("Plaintiff") was driving her husband's Ford F-350 when she lost control of the vehicle and struck a tree. During the accident, Plaintiff alleges that she sustained head, back, and other bodily injuries as a result of failures of the airbag and seatbelt restraint systems in the vehicle.

Plaintiff has admitted that she consumed alcohol on the day of the accident, but she states that her consumption was limited to drinking one-half of a twelve ounce frozen daiquiri and that this occurred approximately six hours before the accident. At the scene of the accident, there were several beer cans found (both full and empty) near Plaintiff's vehicle. Plaintiff suffered a large gash to her forehead and was noticeably unsteady

on her feet.  One witness testified that Plaintiff reeked of alcohol and one of the officers on the scene testified that he smelled alcohol on Plaintiff as he was walking towards her. However, two other officers on the scene testified that they did not smell alcohol on Plaintiff and they did not suspect she was drinking.  None of the officers performed a field sobriety test on Plaintiff.

When Plaintiff arrived at the hospital, nurses drew blood and submitted the sample for a blood alcohol analysis.  The results from the analysis returned with a reading of .197%, well above the legal limit of .08%.  Plaintiff alleges that she was not intoxicated at the time of the accident.  To support this claim, she states: the police did not suspect that she was intoxicated; the police did not perform a field sobriety test; and the police did not order a blood alcohol test at the hospital.

According to Plaintiff, if the jury were to hear the results of the blood alcohol test, the probative value of this evidence would be substantially outweighed by the danger of unfair prejudice.  Plaintiff has therefore filed a motion in limine, asking this Court to exclude the results of the blood alcohol test from evidence.[1]

---

[1] Plaintiff alternatively argues that if the blood alcohol test is admitted, the jury should be instructed as to the effect of such evidence as stated under Louisiana Revised Statute

Defendant asserts that one of the reasons that a field sobriety test was not performed on Plaintiff is because there was an unwritten policy in the police department of not issuing Driving While Intoxicated ("DWI") or Driving Under the Influence ("DUI") citations to motorists. Plaintiff has filed a motion in limine, asking this Court to find that testimony regarding an unwritten policy is highly inflammatory, unfairly prejudicial, and "rank hearsay," which should be excluded.

## DISCUSSION

### I. Blood Alcohol Test Results

Plaintiff asserts that admitting the results of the blood alcohol test would constitute unfair prejudice that substantially outweighs the probative value of the results. However, in making this argument, Plaintiff fails to recognize the composition of the Louisiana negligence system. Louisiana follows a comparative fault scheme. La. Civ. C. art. 2323. Accordingly, unless there is a claim of intentional behavior, a fact finder has to compare the negligence of each party involved in an accident before making an award for damages. La. Civ. C. art 2323 ("If a person suffers injury . . . as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion

---

9:2798.4. However, this is a jury instruction issue which will be resolved at the time the Court drafts the jury instructions in this matter.

3

to the degree or percentage of negligence attributable to the person suffering the injury[.]").

The results of the blood alcohol test is highly relevant to the issue of whether Plaintiff's behavior was negligent. <u>Ballou v. Henry Studios, Inc.</u>, 656 F.2d 1147, 1155 (5th Cir. 1981). This evidence "would doubtless have a major effect on the jury's apportionment of fault." <u>Id.</u> "On the other hand, . . . the potential prejudice of the test results is comparatively slight." <u>Id.</u> Surely, the blood test results will have a negative impact on Plaintiff's case; however, because this evidence is unquestionably probative to the legitimate issue of comparative fault, it is not so unfairly prejudicial that it should be excluded. <u>Id.</u>

**II. Unwritten DUI and DWI Policy**

As one of her methods for proving that she was not intoxicated at the time of the accident, Plaintiff states that the police did not perform a field sobriety test. Defendant claims that one of the reasons that a field sobriety test was not performed is because there was an unwritten policy in the police department of not issuing DWI or DUI citations to motorists. Plaintiff claims that this evidence should be excluded as unfairly prejudicial under Federal Rules of Evidence 403. Alternatively, Plaintiff argues that this evidence should be excluded as hearsay.

Since a portion of Plaintiff's evidence for establishing her sobriety at the time of the evidence involves the police officer's decision not to perform a field sobriety test, no unfair prejudice would result if Defendant introduced evidence to combat this argument by showing that the reason the officers did not perform the test is because there was a policy not to do so. Therefore, the probative value of this evidence is not substantially outweighed by the unfair prejudice to Plaintiff.

Further, the individuals who stated there is an unwritten policy of not issuing DWI or DUI citations to motorists are not making hearsay statements. "Hearsay is a statement, other than one made by the declarant while testifying . . . to prove the truth of the matter asserted." Fed. Rule Evid. 801(c). Statements, by individuals based on personal observations, are not classified as hearsay. See U.S. v. Potwin, 136 Fed. Appx. 609, 611 (5th Cir. 2005) (stating officer's testimony that he observed certain acts was based on his personal observations, and therefore not hearsay). The individuals referring to the alleged unwritten policy were both police officers. Neither individual merely recited what they had heard, rather both individuals testified from their personal observations of how the police department operated. Therefore, Plaintiff is incorrect in asserting that this testimony, which is based on the officers' personal observations, should be excluded as hearsay.

Accordingly, Plaintiffs' **Motions in Limine (Rec. Docs. 37 & 38)** are hereby **DENIED**.

New Orleans, Louisiana, this <u>10th</u> of February, 2010.

_____
United States District Judge